UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CURVES INTERNATIONAL, INC.,

               Plaintiff,

  -against-                                  5:11-CV-00425 (LEK/TWD)

VERONICA SCRIVENER NASH and
NV FITNESS,

               Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff Curves International, Inc. ("Plaintiff" or "Curves") commenced this action on April 15, 2011, asserting claims against Defendants Veronica Scrivener Nash ("Nash") and NV Fitness (collectively, "Defendants") for breach of contract, violations of the Lanham Act, and misappropriation of trade secrets, all arising out of the termination of a franchise agreement between Plaintiff and Nash. See Dkt. No. 1 ("Complaint"). Plaintiff seeks damages, attorneys' fees, and various forms of injunctive relief. Id.

The record indicates that Defendants were properly served with copies of the summons and Complaint. See Dkt. Nos. 5, 6. After Defendants failed to answer, Plaintiff filed a Request for entry of default on June 28, 2011. Dkt. No. 7. The Clerk of the Court executed a Certificate of Default on May 25, 2011. Dkt. No. 8. Presently before the Court is Plaintiff's Motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Dkt. No. 9 ("Motion").

**II.    BACKGROUND**

According to the Complaint, Nash entered into a ten year franchise agreement with Curves on June 1, 2000, and began operating a Curves franchise at 609 Clinton Street, Ithaca, New York. Compl. ¶¶ 3, 14. As a franchisee, Nash received various materials that are given only to members of the Curves business system, including a confidential operations manual, marketing and advertising materials, and other business forms. Id. ¶ 16. Nash also had access to Curves telephone support and computer-based learning systems, and had the opportunity to receive additional training through regional and national meetings. Id.

Pursuant to Article 9(B) of the franchise agreement, Nash agreed to refrain from participating in or deriving any sort of benefit from any business similar to that of Curves: (1) within forty miles of an designated area; and (2) for three years after the termination of either the franchise agreement or her actual participation in a similar business, whichever is later. Id. ¶ 24. She also agreed, pursuant to the same distance and time restrictions, to refrain from interfering with or utilizing any of Curves' former customers, employees, business relationships, confidential information, or trademarks. Id. ¶ 25.

Plaintiff and Nash terminated the franchise agreement on August 13, 2009. Id. ¶ 27. Plaintiff alleges that Nash inquired by e-mail, on October 22, 2010, whether offering personal training services would be considered a breach of the non-compete provisions. Id. ¶ 29; Dkt. No. 1-2. On October 26, 2010, Plaintiff responded with an email setting forth Nash's post-termination obligations under the franchise agreement, and stating that offering personal training services within the designated area would be considered a breach of the non-compete provisions. Compl. ¶ 30.

Plaintiff alleges that Nash used Curves' trademarks while advertising personal training and fitness services under the name "NV Fitness." Id. ¶ 31. Plaintiff further alleges that Nash has used mailing and membership lists from her Curves franchise, and that she has used "Curves' promotions,

advertisements, equipment, and other proprietary materials" to market her services to the public. Id. ¶¶ 31, 34. Plaintiff sent a cease and desist letter to both Nash and NV Fitness on December 17, 2010, but alleges that Defendants have continued to violate the post-termination provisions of the franchise agreement, and that Plaintiff's business has been harmed as a result. Id. ¶¶ 33-34.

### III.   DISCUSSION

Defendants' failure to appear constitutes an admission of all well-pleaded allegations in the Complaint. H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. . . . Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

As the Defendants failed to answer Plaintiff's Complaint, and as an entry of default has been made in this case, the Court deems true all relevant and well-pleaded factual allegations in Plaintiff's Complaint. Accordingly, Defendants are deemed to admit that, at all times relevant hereto: (1) Plaintiff is a franchisor of Curves fitness centers; (2) Plaintiff owns various trademarks, service marks, logos and derivations; (3) Nash entered into a franchise agreement with Plaintiff, whereby Nash received the right to use various of Plaintiff's trademarks and business systems in a limited area; (4) the parties entered into an agreement to terminate the franchise agreement; (5) under the terms of the termination, Nash agreed to, *inter alia*, a non-compete covenant; (6) Nash continues to use Plaintiff's marks or substantially similar marks in her operation of NV Fitness; (7) Nash continues to use Plaintiff's customer lists to market her business; (8) Nash has ignored Plaintiff's cease and desist letters and

demands that she comply with her obligations under the franchise and termination agreements; and (9) Nash's conduct is harming Plaintiff's business interests.

These allegations are sufficient to establish liability under the breach of contract, see First Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2d Cir. 1998) (listing the elements of a breach of contract claim), and Lanham Act claims, see 1-800 Contracts, Inc. v. WhenU.com. Inc., 414 F.3d 400, 407 (2d Cir. 2005) (setting forth the elements of a trademark infringement claim), and to entitle Plaintiff to injunctive relief.  Kingvision Pay-Per-View Ltd. v. Lalaleo, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006) ("A court 'may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction.'") (quoting Main Events/Monitor Prods. v. Batista, No. 96-CV-5089, 1998 WL 760330, at *1 (E.D.N.Y. Aug. 26, 1998)); see also Patsy's Italian Restaurant, Inc. v. Banas, 658 F.3d 254, 272-73 (2d Cir. 2011) (setting forth the standards for issuing a permanent injunction in a Lanham Act case).

Plaintiff also seeks $8,400 for "post-termination wrongful infringement of Curves' trademarks, trade names, and service marks and from Cleveland and NV Fitness' other wrongful acts," as well as $8,379.39 in legal fees.  Mot. at 2-3.  However, after establishing liability, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty.  Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).  To determine the amount of damages in the context of a default judgment, "the court may conduct such hearings or order such references as it deems necessary and proper."  FED. R. CIV. P. 55(b)(2).  "It [is] not necessary for the District Court to hold a hearing, as long as it ensured that there [is] a basis for the damages specified in the default judgment."  Fustok v. ContiCommodity Serv., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

Here, Plaintiff has submitted nothing substantiating its claim for damages or attorneys' fees.[1] Because Plaintiff has not specified the basis for these calculations and because they are neither susceptible of mathematical computation nor liquidated as of the default, the Court does not award damages or fees at this time. Rather, in order to seek damages and fees, Plaintiff must file with the Court, and serve on Defendants, affidavits and/or other admissible evidence substantiating its claim for damages within thirty days of the date of this Order. If Plaintiff makes such a filing, Defendants must file any response contesting or otherwise addressing Plaintiff's claim for damages within thirty days.

For the foregoing reasons, Plaintiff's motion for default is granted on the issue of liability and the request for injunctive relief. The Court will reserve decision on the issue of damages and attorneys' fees until the parties have had an opportunity to be heard on that issue.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for default judgment (Dkt. No. 9) is **GRANTED in part**, consistent with this Decision and Order; and it is further

**ORDERED**, that Defendants are enjoined from continuing to operate a fitness center using and/or displaying Curves' registered marks without Curves' consent; and it is further

**ORDERED**, that Defendants are enjoined from using the Curves trademark or any confusingly similar name, device, mark, service mark, trademark, trade name, slogan or symbol used in connection with the Curves Franchise, including any production, counterfeit copy, variation, emulation, or

---

[1] Although Plaintiff submitted an affidavit concerning the rates charged by its attorneys, it did not submit anything substantiating the amount of time spent on litigating this case.

colorable imitation thereof which is likely to cause confusion or mistake or deceive the public; and it is further

**ORDERED**, that Defendants return to Curves, at Defendants' expense, all printed material furnished to them by Plaintiff, including, without limitation, all Curves' manuals, advertising material, stationery, and printed forms and all other matters relating to the operation of the Curves franchise and/or bearing the Curves trademark; and it is further

**ORDERED**, that Nash is enjoined from owning, maintaining, engaging in, or having any interest in any other business which sells any products similar to those sold as part of the Curves franchise system within forty (40) miles of Nash's approved location for a period of three (3) years following the date on which Nash and NV Fitness cease operating; and it is further

**ORDERED**, that Nash is enjoined from employing or seeking to employ any person who is employed by Curves or any other Curves franchisee, or otherwise induce or seek to induce such person to leave his or her employment; and it is further

**ORDERED**, that Defendants are enjoined from using any confidential information from Curves' manuals or system in any similar business to that licensed and established under and pursuant to the franchise agreement and/or termination agreement; and it is further

**ORDERED**, that Defendants are enjoined from diverting or attempting to divert any customer or business from Curves or any other franchisee or solicit or endeavor to obtain the business of any person who shall have been a customer of a franchisee's facility; and it is further

**ORDERED,** that the Court shall consider issuing an award of damages and/or attorneys' fees only if, within **thirty (30) days** of the filing of this Order, Plaintiff submits affidavits and documentary

evidence substantiating such an award. If Plaintiff submits such evidence, Defendants must file any response withing **thirty (30) days** of Plaintiff's filing.

      **IT IS SO ORDERED.**


DATED:    March 09, 2012
             Albany, New York

                      Lawrence E. Kahn
                      U.S. District Judge